

FILED

JAN 1 3 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:                                    )        Case No. 05-28649-C-7
                                          )        Docket Control No. RJH-1
MAY CHI-MAY LAING,                        )
                                          )
                        Debtor.           )
_____)

### MEMORANDUM DECISION

Richard Hanf, chapter 7 trustee (the "Trustee"), has objected to a claim of exemption filed by May Chi-May Laing (the "Debtor"). The claim of exemption relates to the Debtor's interest in an annuity contract issued by Kemper Investors Life Insurance Company, certificate no. KI11034481, described in the Debtor's C-Schedule in part as "ANNUITY: scudder destinations," and valued in the B-Schedule at $41,038.40 (hereinafter, the "Annuity")

For the reasons set forth below, the court will overrule the objection.

### I. INTRODUCTION

The Debtor filed her chapter 7 petition on July 15, 2005. In her C-Schedule filed with the chapter 7 petition, the Debtor claims as exempt the entire aggregate value of the Annuity, $41,038.40, and identifies California Code of Civil Procedure ("CCP") section 703.140, subsections(b)(5) (exempting $19,006.00) and (b)(10)(E) (exempting $22,032.40), as the law providing for the claimed exemption.

On November 28, 2005, the Trustee filed an objection, bearing Docket Control No. RJH-1 (the "Objection"), to the



1  Debtor's claim of exemption as to the Annuity.  The Objection was
2  noticed under Local Bankruptcy Rule 9014-1(f)(1).  The Objection
3  was timely under Federal Rule of Bankruptcy Procedure 4003(b),
4  the Meeting of Creditors having been concluded on October 25,
5  2005.[1]

6      On December 6, 2005, the Debtor filed timely opposition to
7  the Objection, which was supported by a declaration executed by
8  the Debtor.  Without objection, the Debtor also submitted as
9  exhibits a copy of the Annuity contract and related
10 documentation.  By not filing a statement of disputed factual
11 issues as set forth in Local Bankruptcy Rule 9014-1(f)(1)(ii),
12 the Debtor consented to resolution of disputed material factual
13 issues pursuant to Federal Rule of Civil Procedure 43(e), as made
14 applicable by Federal Rule of Bankruptcy Procedure 9017.

15     On December 22, 2005, the Trustee filed a timely reply to
16 the Debtors' opposition, and the record closed at that time
17 pursuant to Local Bankruptcy Rule 9014-1(f)(1)(iii).[2]  The

18 _____

19     1.  In her opposition to the Objection, the Debtor argued that
   the Objection was late-filed.  While Fed. R. Bankr. P. 4003(b)
20 provides for a 30-day period for filing objections, Fed. R. Bankr. P.
   9006(a) provides that when the last day to file is a legal holiday,
21 the period for objection runs until the end of the following day not
   a Saturday, Sunday, or legal holiday.  Here, the thirtieth day after
22 October 25, 2005 was November 24, 2005, the Thanksgiving holiday.
   The Trustee electronically transmitted the Objection to the Clerk on
23 November 25, 2005.  Pursuant to General Order 04-01, ¶ 9, the
   Objection was deemed filed on November 28, 2005, the next business
24 day for the court.  The court was closed on Friday, November 25,
   2005, a California state holiday, as described in Fed. R. Bankr. P.
25 9006(a), and therefore the filing on November 28 (the next Monday)
   was timely.

26
27     2.  On December 23, 2005, the Debtor also filed a "Reply to
   Trustee's Response to Debtor's Response to Trustee's Objection to
28 Claimed Exemption."  Although the Trustee did not object to the
   filing of this document, the court does did not consider the document
   necessary to resolution of this matter.

- 2 -

1 Trustee submitted no declaration or documentary evidence to
2 support the Objection.  The court heard oral argument on January
3 3, 2006.

### II. ANALYSIS

5      This court has jurisdiction over the Objection pursuant to
6 28 U.S.C. sections 1334 and 157(b)(1).  The Objection is a core
7 proceeding under 28 U.S.C. section (b)(2)(B).  The Objection was
8 brought pursuant to Federal Rule of Bankruptcy Procedure 4003(b).

9      The objecting party, in this case the Trustee, bears the
10 burden of proving that a claimed exemption is improper.  Fed. R.
11 Bankr. P. 4003(c).  Because a claimed exemption is presumptively
12 valid, the objecting party must produce evidence to rebut the
13 presumptively valid exemption, whereupon the burden of production
14 shifts to the debtor to demonstrate that the exemption is proper.
15 The burden of persuasion remains with the objecting party.  In re
16 Carter, 182 F.3d. 1027, 1029-30 n.3 (9th Cir. 1999).

17      In this case, the Trustee does not object to the Debtor's
18 exemption claim of $19,006.00 in the Annuity under CCP section
19 703.140(b)(5), which provides for the exemption of value up to
20 $925.00, plus up to $17,425.00 in value not exempted under
21 section 703.140(b)(1), in any property.  Instead, the Trustee
22 objects to the Debtor's exemption claim of $22,032.40 under CCP
23 section 703.140(b)(10)(E) (hereinafter, "Subsection-E"), which
24 provides for the exemption, to the extent reasonably necessary
25 for support, of a "payment under a stock bonus, pension, profit-
26 sharing, annuity, or similar plan or contract on account of
27 illness, disability, death, age, or length of service."

28      The Trustee does not argue that payments under the Annuity

- 3 -

1  are not reasonably necessary for support, but that payments under
2  the Annuity are not made on account of illness, disability,
3  death, age, or length of service.  The Debtor argues that on the
4  contrary, the Annuity contract is designed to provide payments to
5  the Debtor on account of her disability, death, or age, as
6  circumstances may dictate.  The Debtor also argues that the
7  Trustee has not submitted evidence sufficient to overturn the
8  Debtor's exemption claim under Subsection-E.

9      Two decisions of the Bankruptcy Appellate Panel of the Ninth
10  Circuit ("BAP") are helpful in this matter.  In In re Rawlinson,
11  209 B.R. 501 (B.A.P. 9th Cir. 1997), the BAP ruled that a
12  debtor's individual retirement account qualified as a "similar
13  plan" under Subsection-E and thus, like employer-settled plans,
14  are subject to exemption under that provision.  In Rawlinson, the
15  BAP dismissed the claim that a debtor's control over the
16  distribution of funds in an individual retirement account was
17  relevant to the issue of exemption under Subsection-E.  The BAP
18  noted that the concept of control is applicable to a
19  determination of whether an asset is part of the bankruptcy
20  estate, but not to exemption (just as other assets, such as
21  personal residences, may be exempted without reference to the
22  debtor's control).  209 B.R. at 507.  Instead:

23          As long as the right to receive a payment . . . can be
            triggered by one or more of the five listed events, and
24          is therefore exemptible, the fact that payments can
            also be triggered by some additional factor . . .
25          cannot destroy exemptibility.

26          Id., quoting In re Carmichael, 100 F.3d 375, 379 (5th
            Cir. 1996) (interpreting analogous provision in 11
27          U.S.C. section 522).

28

- 4 -

In <u>In re Metz</u>, 225 B.R. 173 (B.A.P. 9th Cir. 1998), the BAP
reviewed a Bankruptcy Court's decision overruling a trustee's
objection and denying reconsideration, where a debtor had claimed
as exempt the value of her interest in her ex-husband's company
retirement plan, which was awarded to her in a marital
dissolution proceeding.  Although in <u>Metz</u> the BAP affirmed the
Bankruptcy Court on other grounds, it discussed in detail the
debtor's ability to exempt the value of the interest under
Subsection-E.   225 B.R. at 178-79.  Although the trustee had
argued that the debtor's "excessive control over the trust
corpus" disqualified it from exemption, it found that "[t]he
dispositive inquiry under the California statute is whether the
plan was designed and used for retirement purposes."  <u>Id</u>, quoting
<u>Schwartzman v. Wilshinsky</u>, 50 Cal. App. 4th 619, 628 (1996).

The Trustee argues that the Debtor's ability under the
Annuity to withdraw funds after six years without penalty (there
are penalties for withdrawals before six years) disqualifies the
Annuity from exemption under Subsection-E.  However, under
<u>Rawlinson</u> and <u>Metz</u>, the control that the Debtor holds over funds
in the Annuity will not dictate whether exemption under
Subsection-E is available.  Instead, the court is to look to
whether the Annuity is designed and used for the purposes set
forth in Subsection-E:  on account of illness, disability, death,
age, or length of service.  Under <u>Metz</u>, where the contract is
designed and used for retirement purposes specifically,
Subsection-E is applicable.

Here, a primary feature of the Annuity is the so-called
Guaranteed Retirement Income Benefit ("GRIB").  <u>See</u> Debtor's

- 5 -

1  Opposition Exh. A, at 4 (stating GRIB feature).  A review of the
2  Annuity Option Table (Exh. C, after marked p. 9), clearly
3  indicates that the Annuity is designed to provide installment
4  payments to the Debtor over a period of years ranging from five
5  to thirty or more years, the bulk of which the Debtor, who is
6  currently fifty-one years old, would be retired from her
7  occupation (she is self-employed).  According to the information
8  submitted by the Debtor with the Annuity, the issuer of the
9  Annuity views the early withdrawal feature as important to the
10 annuitant's use of funds should they be needed before retirement,
11 as where a disability occurs.  See Exh. C, at marked page 4.  In
12 addition, the Annuity includes a death-benefit provision (Exh. B,
13 at marked p. 6), and the Debtor has designated certain
14 beneficiaries under the Annuity (Exh. B, at "Certificate
15 Schedule").

16     Based on the record in this matter and the features of the
17 Annuity described above, the court finds that the Annuity is
18 designed for retirement purposes, and pays benefits based on the
19 Debtor's age and, under certain circumstances, her disability or
20 death.  The court therefore will overrule the Objection to the
21 Debtor's claim of exemption under Subsection-E.

22                         III. CONCLUSION

23     For the reasons set forth above, the court will overrule the
24 Objection.  The court will issue an order consistent with this
25 memorandum.

27 Dated:  January __, 2006     _Robert Bardwil_
                               ROBERT S. BARDWIL
28                             United States Bankruptcy Judge

- 6 -

1

2

<u>Certificate of Service</u>

3

4     I certify that on January 13, 2006 a copy of the **foregoing**
**document** was mailed to the following:

5

6

May Chi-May Liang
7     1056 Jackson Street
Benecia, CA 94510

8

Peter Macaluso
9     910 Florin Rd., #111
Sacramento, CA 95831

10

11    Richard Hanf
P.O. Box 6499
12    Napa, CA 94581

13

14                                    FOR THE COURT
RICHARD G. HELTZEL
15                                    CLERK, U.S. BANKRUPTCY COURT

16

17

18

19    By: _Andrea Lorm_____
Deputy Clerk

20

21

22

23

24

25

26

27

28